**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL J. QUATTRINI, ) | |
| ) | |
| Petitioner, ) | 3:12-cv-00226-RCJ-VPC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROBERT LEGRAND, *et al.*, ) | |
| ) | |
| Respondents. ) | |

On April 24, 2012, Daniel J. Quattrini, a Nevada prisoner, submitted a handwritten document that he had styled "notice of appeal" as well as a copy of a Nevada Supreme Court docket (*see* attachments to ECF #1) that appears to correlate with a state postconviction petition. On May 29, 2012, he both paid the filing fee and filed an application to proceed *in forma pauperis*. He also submitted a handwritten document, not on the court-approved form, that he has styled first amendment petition of habeas corpus ad subjiciendum (ECF #4-1). Petitioner was directed to file an amended petition using the Court's approve form. Petitioner now moves the Court for a copy of the docket sheet in this matter (ECF No. 7), has submitted his amended petition (ECF No. 8) and moves for appointment of counsel (ECF No. 9).

The Court has reviewed the amended petition pursuant to Rule 4 of the Rules Governing 2254 Actions and finds that it must be dismissed without prejudice because it is a second or successive petition and petitioner has not obtained leave of the Ninth Circuit Court of Appeals to proceed.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28

1  U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application
2  challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court,
3  a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to
4  consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize
5  the filing of the second or successive application only if it presents a claim not previously raised that
6  satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Burton v. Stewart,* 549 U.S.
7  147, 152-53, 127S.Ct. 793, 796 (U.S. 2007) citing *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S.Ct.
8  2641  (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333 (1996).

9  Petitioner indicates on the face of his petition that this is not his first petition brought
10 pursuant to 28 U.S.C. § 2254, (Amended Petition, p. 2, item 6), that the claim raised was not presented
11 in a the prior petition, and that he has not obtained leave of the Ninth Circuit Court of Appeals to
12 proceed.  As a result, the petition will be dismissed without prejudice to afford petitioner an opportunity
13 to seek leave of the appeals court to proceed with this petition.

14 **IT IS THEREFORE ORDERED** that the Amended Petition (ECF No. 8) is
15 **DISMISSED WITHOUT PREJUDICE**.

16 **IT IS FURTHER ORDERED** that petitioner's motion (ECF No. 7) is **granted**.  The
17 Clerk shall send petitioner a copy of the docket sheet in this matter.

18 **IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 9)
19 is **denied** as moot.

20 The Clerk shall enter judgment accordingly.

21 DATED this 3rd day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE